IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AVERY GARFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00613 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| MIDDLE TENNESSEE STATE ) | MAGISTRATE JUDGE FRENSLEY |
| UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 28). Plaintiff filed a response in opposition. (Doc. No. 76). For the reasons stated herein, the motion will be granted, and this case will be dismissed.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a student enrolled in Middle Tennessee State University's ("MTSU") School of Nursing ("the program"). On July 19, 2021, Plaintiff received an email from Dr. Jenny Sauls, Director of the program, stating that all students enrolled in the program must be vaccinated against COVID-19 pursuant to the requirements of a clinical rotation partner. (Doc. No. 23 ¶ 33). Students enrolled in the program were informed that failure to be vaccinated would result in an inability to participate in clinical rotations and consequently to progress in the program. (*Id.* ¶ 40). Students were required to submit proof of their COVID-19 vaccination by August 20, 2021. (*Id.* ¶ 36). Plaintiff has not received a COVID-19 vaccine. (Doc. No. 76 at 6).

Plaintiff filed this action on August 8, 2021, seeking declaratory judgment on matters of federal law. (Doc. No. 1). Plaintiff sought a Temporary Restraining Order (Doc. No. 7), which the

Court denied for failure to show irreparable harm (Doc. No. 24). Plaintiff's motion for a preliminary injunction is pending before the Court. (Doc. No. 81).

Plaintiff amended her complaint after the United States Food and Drug Administration ("FDA") announced the approval of a COVID-19 vaccine. (Doc. No. 23). Plaintiff's amended complaint requests that the Court make thirty declarations, including that: the nation is experiencing an ongoing public health emergency; the Emergency Use Authorization provision of the Federal Food Drug and Cosmetics Act ("FDCA") provides for the use of unapproved drugs; the Johnson & Johnson, Pfizer, and Moderna COVID-19 vaccines are not FDA approved and are being used pursuant to the Emergency Use Authorization provision of the FDCA; MTSU must comply with federal law, including the Emergency Use Authorization provision of the FDCA and the Code of Federal Regulations related to the rights of human test subjects; MTSU is violating both of these provisions by requiring that students receive a COVID-19 vaccine and by not informing them of the risks associated with taking or refusing a COVID-19 vaccine; MTSU is discriminating against students who refuse to be vaccinated against COVID-19; MTSU's vaccination policy is unlawful, "null, *void ab initio*, and is of no legal consequence"; and MTSU must cease all implementation of its vaccine policy. (*Id*.). Plaintiff also alleges in her complaint that Defendants' conduct violates guidance by the CDC and the FDA but does not request any declaratory relief related to these accusations. The amended complaint adds allegations that, notwithstanding the announcement by the FDA, there is no approved COVID-19 vaccine. (*Id*.).

Defendants now move to dismiss Plaintiff's Amended Complaint (Doc. No. 23) under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

## II. LAW AND ANALYSIS

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Accordingly, "[b]efore a federal court takes up a case's merits, it must assure itself of its jurisdiction over the case's subject matter." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citing *Kroll v. United States*, 58 F.3d 1087, 1092 (6th Cir. 1995)). Defendant challenges whether the Court has subject matter jurisdiction in this case. Plaintiff states that she "derives authority to file a lawsuit against the Defendants under the federal Declaratory Judgment Act" and that by moving the Court to declare the rights of the parties under federal laws, she has properly invoked federal question jurisdiction. (Doc. No. 76 at 2).

The Declaratory Judgment Act does not independently confer subject matter jurisdiction. *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Rather it "provides courts with discretion to fashion a remedy." *Id*. The filing of a declaratory judgment complaint, as opposed to a traditional complaint for affirmative relief, does not alleviate Plaintiff's obligation to properly invoke the Court's subject matter jurisdiction. *See id*. ("A plaintiff cannot circumvent the well-pleaded complaint rule by seeking a declaratory judgment…if the complaint itself would not otherwise state a federal question."). Plaintiff's novel argument that the Court has federal question jurisdiction because she has asked for the declaration of the parties rights under federal law is unsupported and without merit.

3

To determine whether the Court has subject matter jurisdiction in a declaratory judgment action, the Court must examine the face of the complaint and "ask whether, absent the availability of declaratory relief, the case could have [been] brought in federal court." *Miller*, 949 F.3d at 990 (citing 15A James Wm. Moore, et al., *Moore's Federal Practice*, Civil § 103.44 (2019)) (alteration in original). Because both Plaintiff and Defendant MTSU are domiciled in Tennessee, diversity jurisdiction is not available here. (Doc. No. 23 ¶¶ 1, 2). Accordingly, the Court will consider whether this case properly invokes federal-question jurisdiction. To do so, the Court must look at Plaintiff's underlying request to determine if that claim arises under federal law. *Miller*, 949 F.3d at 990 (citing *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008 (6th Cir. 2018)).

A claim arises under federal law when: (1) the cause of action is created by federal law; or (2) a state law claim "implicate[s] significant federal issues." *Estate of Cornell*, 908 F.3d at 1012. "[T]he vast majority of cases brought under the general federal question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Id*. A statute may either expressly or impliedly create a cause of action. *Id*. at 1013. An express cause of action exists when the statute states "in so many words, that the law permits a claimant to bring a claim in federal court." *Id*. (quoting *Ohlendorf v. United Food & Commercial Workers Int'l Union, Local 876*, 883 F.3d 636, 640 (6th Cir. 2018)). An implied cause of action exists when Congress clearly and unambiguously specifies the right and identifies the beneficiary. *Id*. The Court cannot find either an express or an implied cause of action in the statute and regulation cited by Plaintiff.

Plaintiff alleges violations of the Emergency Use Authorization provision of the FDCA. The Sixth Circuit has examined this statute and determined that it creates neither an express nor an implied cause of action. *See Bailey v. Johnson*, 48 F.3d 965, 968 (6th Cir. 1995); *Loreto v. Proctor & Gamble Co.*, 515 Fed. App'x. 576, 578-79 (6th Cir. 2013) ("The FDCA leaves no doubt

4

that it is the Federal Government rather than private litigants who [is] authorized to file suit for noncompliance with its substantive provisions." (alteration in original) (internal citations omitted)).

Plaintiff also alleges violations of the Code of Federal Regulations, specifically the provisions regarding informed consent requirements for human test subjects. 21 C.F.R. §50.1, *et seq*. The regulation cited by Plaintiff, 21 C.F.R. §50.20, explains the general requirements for informed consent by human test subjects in clinical trials. The Sixth Circuit has said that "federal regulations cannot themselves create a cause of action," finding that "that is a function of the legislature." *Smith v. Dearborn Financial Services, Inc.*, 982 F.2d 976, 979 (6th Cir. 1993). The court in *Smith* also advised that an implied cause of action "cannot be found from the regulations standing alone" and instructed courts to examine the statute to determine if an implied cause of action can arise from it. *Id*. The regulations cited by Plaintiff derive their authority from the FDCA, which, as the Court has already stated, does not create an express or implied cause of action. Accordingly, neither does regulation cited by Plaintiff.

A claim may also be found to arise under federal law for purposes of federal question jurisdiction if Plaintiff presents a state law claim which implicates a substantial question of federal law, but this prong is inapplicable. Examination of the allegations in Plaintiff's amended complaint yields no state law claims. She alleges violations of federal law and her rights under those laws. (*See* Doc. No. 23). Indeed, when asked by the Court to brief abstention as a result of a pending state court action, Plaintiff stated that this case "only involves federal questions" and that she pursued her state law claims exclusively in state court. (Doc. No. 22 at 2).

The Court, having found neither a federal cause of action nor a state law claim implicating a substantial federal issue, must conclude that Plaintiff has failed to "state a claim arising under

the Constitution, laws, or treaties of the United States." *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 713 (6th Cir. 2012). (internal quotations omitted). Accordingly, because this Court lacks subject-matter jurisdiction, this case is **DISMISSED**.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE