# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **AVERY GARFIELD,** | |
| Plaintiff, | |
| v. | Civil Action No. : 3:21-cv-00613 |
| **MIDDLE TENNESSEE STATE UNIVERSITY and DR. JENNY SAULS,** | JUDGE CAMPBELL |
| Defendants. | |

## PLAINTIFF'S MOTION FOR RELIEF FROM AN ORDER

COMES NOW Plaintiff Avery Garfield, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 60(b) respectfully requests that this Honorable Court amend its December 6, 2021, Order (Doc. No. 138) granting Defendants' Motion to Dismiss for lack of subject matter jurisdiction to entering an Order denying said Motion to Dismiss. As grounds for Plaintiff's Motion for Relief from an Order, Plaintiff shows the Court as follows:

### I. ARGUMENT AND CITATION OF AUTHORITY

**A. Standard of Review.**

Pursuant to Fed. R. Civ. P. 60(b), a party may "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) **mistake**, inadvertence, surprise, or excusable neglect … (6) any other reason that justifies relief…." Fed. R. Civ. P. 60(b)(1) (emphasis added). The Sixth Circuit Court of Appeals "reviews the district court's denial of a motion pursuant to Rule 60(b)(6) for abuse of discretion. *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009) (citing *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir.2006)). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear

error of judgment." *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009) (citing *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir.2006) (quotation marks and citation omitted)). "Rule 60(b) proceedings are subject to only limited and deferential appellate review." *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)).

> **B. This Court should provide Plaintiff with relief from its December 6, 2021, Order Dismissing Plaintiff's for lack of subject matter jurisdiction and instead enter an Order denying Defendants' Motion to Dismiss as the Court has jurisdiction.**

Since this Court expressly has subject matter jurisdiction in 28 U.S.C. § 2201 to declare the legal rights and relations between the parties regarding the interplay the parties and a federal statute, specifically 21 U.S.C. § 360bbb-3, this Court should instead enter an Order denying Defendants' Motion to Dismiss and proceed to adjudicating this case on the merits.

Pursuant to 28 U.S.C. § 2201, the United States Congress expressly provided all United States District Courts, including this Court, with subject matter jurisdiction to declare the rights and legal relations between the parties. In fact, the title of 21 U.S.C. § 2201 is "**Creation of remedy**." (emphasis added). Moreover, the plain language of the statute provides that "In a case of actual controversy within its jurisdiction … **any court of the United States**, upon the filing of an appropriate pleading, **may declare the rights and other legal relations of any interested party seeking such declaration**, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201 (emphasis added).



> **§2201. Creation of remedy**
>
> (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

In the case at bar, Plaintiff requests relief from this Court's December 6, 2021, Order dismissing Plaintiff's case for "mistake" or "any other reason that justifies relief" pursuant to Fed. R. Civ. P. 60(b)(1) and (6). This Court clearly has subject matter jurisdiction to declare the legal rights and relations between the parties. The applicable statute is entitled "Creation of remedy." The remedy that was created by 21 U.S.C. § 2201 was to enable the U.S. courts to "declare the rights and other legal relations of any interested party seeking such a declaration…." Plaintiff seeks a declaration from this Court of the legal rights between the Defendants and Plaintiff as it relates to the application of a federal statute, specifically 21 U.S.C. § 360bbb-3. Since 28 U.S.C. § 2201 expressly provides a remedy (as its title states) for "any court of the United States" to "declare the rights and other legal relations of any interested party seeking suck declaration…" Plaintiff requests relief from this Court's December 6, 2021, Order that dismissed Plaintiff's case for lack of subject matter jurisdiction. Instead of granting the Defendants' Motion to Dismiss, Plaintiff respectfully requests an Order denying Defendants' Motion to Dismiss so that this case can proceed to an adjudication on the merits.

### III.   CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests relief from this Court's December 6, 2021, Order that dismissed Plaintiff's case for lack of subject matter jurisdiction for "mistake" or for "any other reason that justifies relief…." Fed. R. Civ. P. 60(b)(1) and (6). Instead of granting the

3

Defendants' Motion to Dismiss, this Court should instead deny the Defendants' Motion to Dismiss because this Court clearly has subject matter jurisdiction to declare the legal rights and relations between the parties as it relates to 21 U.S.C. § 360bbb-3. The federal courts have jurisdiction to interpret and declare the rights of the parties as it relates to federal law.

Respectfully submitted this 5th day of January, 2022.

                                                        **THE NEWMAN LAW FIRM**

By:    /s/Russell A. Newman
        Russell A. Newman, BPR # 033462
        6688 Nolensville Road
        Suite 108-22
        Brentwood, TN 37027
        (615) 554-1510 (Telephone)
        (615) 283-3529 (Facsimile)
        E-mail:russell@thenewmanlawfirm.com
        *Attorney for Plaintiff Avery Garfield*

## CERTIFICATE OF SERVICE

I, Russell A. Newman, do hereby certify that I am counsel for Plaintiff Avery Garfield in the above-captioned matter and that a copy of the **PLAINTIFF'S MOTION FOR RELIEF FROM AN ORDER** was served for counselors of record for Defendants by electronic means via the Court's electronic filing system and by e-mail as follows:

E. Ashley Carter, Esq.
Lindsay Haynes Sisco, Esq.
Carolyn U. Smith, Esq.
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
ashley.carter@ag.tn.gov
lindsay.sisco@ag.tn.gov
carolyn.smith@ag.tn.gov

Respectfully submitted this 5th day of January, 2022.

THE NEWMAN LAW FIRM


By:  /s/ Russell A. Newman
Russell A. Newman, BPR # 033462