# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AVERY GARFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00613 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| MIDDLE TENNESSEE STATE ) | MAGISTRATE JUDGE FRENSLEY |
| UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Relief from the Court's Order (Doc. No. 138) dismissing this case for lack of subject matter jurisdiction. (Doc. No. 139). Defendants filed a Response. (Doc. No. 140). For the reasons stated herein, the Motion is **DENIED**.

Plaintiff filed this case in August 2021, seeking relief under the Declaratory Judgment Act. Defendants filed a motion to dismiss for lack of subject matter jurisdiction, which the Court granted. (Doc. No. 138). Plaintiff now moves for relief from that order on the grounds that the Court erred in its finding regarding subject matter jurisdiction. In support of her motion, Plaintiff presents arguments already considered by the Court when ruling on the motion to dismiss.

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a court's final judgment or order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60. "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). Accordingly, the movant bears the burden of showing that such relief is necessary. *Id*. However, a motion under Rule 60(b) is not vehicle by which Plaintiff may re-argue her case. *See GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal.") (collecting cases).

Plaintiff requests relief on the grounds of "mistake" or "any other reason that justifies relief." In support of her motion, however, Plaintiff raises arguments already considered by the Court. The Court found those arguments without legal support or merit. (*See* Doc. No. 137). Plaintiff moves the Court to reconsider that finding without offering legal support for her interpretation of the Declaratory Judgment Act. The Court considered Plaintiff's position and found that her claims did not invoke the subject matter jurisdiction of the federal courts. Here, Plaintiff offers only a renewed presentation of her previous arguments, which is not a basis for relief under Rule 60. *See GenCorp, Inc.* at 373. Accordingly, her motion is **DENIED**. This case remains closed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE